UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-CR-20731-JAL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERRY A. SPIEGEL,

    Defendant.
_____/

## DEFENDANT JERRY A. SPIEGEL'S MOTION IN LIMINE TO EXCLUDE IMPROPER OPINION TESTIMONY BY WITNESS MICHAEL WOHLFEILER

    The Defendant, JERRY A. SPIEGEL, by and through his undersigned counsel, respectfully moves this Honorable Court to issue an order prohibiting Michael Wohlfeiler from providing improper expert opinion regarding the commission of fraud, and in support thereof, Defendant states as follows:

    1.    Dr. Jerry Spiegel is charged in an eighteen (18) count Superseding Indictment with three counts of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 and fifteen counts of health care fraud in violation of 18 U.S.C. § 1347.

    2.    The government has given notice that it intends to call Michael Wohlfeiler, M.D. to testify during the trial of this case. The government provided, in addition to this notice, a report outlining Dr. Wohlfeiler's review of patient charts and his stated opinions regarding the contents therein. *See* Exhibit A, attached hereto as Dr. Wohlfeiler's report.

3.      Throughout this report, Dr. Wohlfeiler repeatedly commented that actions allegedly taken or overseen by Dr. Spiegel constituted fraud. *See, e.g.*, Exhibit A at 10 ("the only conclusion I can reach is that Dr. Spiegel's primary intent was to order expensive and unnecessary parenteral therapies for the purpose of fraudulently obtaining money from Medicare."); Exhibit A at 11 ("I do believe that Dr. Spiegel ordered [medication] not for the purpose of providing necessary medical treatment but rather to defraud Medicare."); Exhibit A at 32 ("I believe that the therapies were ordered solely for the purpose of defrauding Medicare for financial gains."). Comments such as these are frequently made in the entirety of Dr. Wohlfeiler's 79-page report.

4.      Dr. Spiegel expects that Dr. Wohlfeiler intends to testify similarly at trial. Because the proposed testimony constitutes improper opinion evidence, invades the province of the jury and the Court, and is unduly prejudicial, this Court should preclude Dr. Wohlfeiler from testifying regarding his "legal conclusions."

## MEMORANDUM OF LAW

Rule 702 of the Federal Rules of Evidence controls the admission of expert testimony. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact <u>to understand the evidence or to determine a fact in issue</u>, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, . . . .

Fed. R. Evid. 702 (Emphasis added). Thus, Rule 702 permits a factual opinion based on evidence which would otherwise be excluded if the individual were a lay witness. In addition, Rule 704 permits a qualified expert to provide opinion testimony even if "it embraces an ultimate issue to be

decided by the trier of fact." Accordingly, statements regarding issues of fact or evaluation of evidence can be admissible.

In contrast, however, Courts have precluded experts from offering opinions which state legal conclusions. *United States v. Long*, 2008 U.S. App. LEXIS 24165 (11th Cir. Fla., November 25, 2008); *Montgomery v. Aetna Casualty & Surety Company*, 898 F.2d 1537 (11th Cir. 1990); *United States v. Scop*, 846 F.2d 135 (2d Cir. 1988). The advisory committee to Rule 704 specifically voiced:

> The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances *against the admission of opinions which would merely tell the jury what result to reach*, somewhat in the manner of the oath-helpers of an earlier day. *They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.*

Fed. R. Evid. 704 advisory committee's note (emphasis added). Undoubtedly, the reasoning behind this commentary is to reiterate the function of expert testimony as one which assists the *fact*finder. Principles of law and legal decisions, though, remain the responsibility of the judge. Similarly, the jury maintains the duty of deciding the verdict. Therefore, it is not for the expert to invade the province of the Court or the jury.

The Eleventh Circuit Court Appeals applied this reasoning in *United States v. Long*. *Long*, 2008 U.S. App. LEXIS 24165. In *Long*, the defendant was charged with conspiracy to commit mail and wire fraud and substantive wire fraud for soliciting and accepting money from investors for the operation of an essentially non-existent loan company. At trial, an accountant for the government testified as an expert that he had reviewed the financial records and bank accounts of the defendant's

company. The accountant testified to the absence of income or revenue to the company, lack of investment of investor monies, and his determination that disbursements for costs, fees, salary, etc., were made from investor funds. The government expert then opined that the company was an "artifice and scheme to defraud investors." *Id.* at 14. On appeal, the Eleventh Circuit found that this statement was "plainly inadmissible." *Id.* At 26. Such testimony was improper inasmuch as an expert may not deliver an opinion regarding a legal conclusion.

Likewise, the Second Circuit Court of Appeals disapproved of an expert giving opinions which embodied legal conclusions. *Scop*, 846 F.2d 135 (2d Cir. 1988). Similar to *Long*, the defendant in *Scop* was charged with various fraud and conspiracy offenses. The government presented an expert witness during trial who was questioned whether he believed there had been a scheme to defraud investors. Over objection, the expert answered, tracking the language of the relevant statute, that individuals were engaged in a fraudulent scheme to defraud investors. Based upon repeated similar statements, the Second Circuit reversed, finding that the improper legal opinions "exceeded the permissible scope of opinion testimony under the Federal Rules of Evidence." *Id.* at 139. Stating in strong language and an extensive discussion, the Court wrote, in part:

> [The expert] made no attempt to couch the opinion testimony at issue in even conclusory factual statements but drew directly upon the language of the statute and accompanying regulations concerning "manipulation" and "fraud." In essence, his opinions were legal conclusions that were highly prejudicial and went well beyond his province as an expert . . . . Moreover, because his opinions were calculated to 'invade the province of the court to determine the applicable law and to instruct the jury as to that law,' they could not have been helpful to the jury in carrying out its legitimate functions. 'The admission of such testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case.' 'It is

not for witnesses to instruct the jury as to the applicable principles of law, but for the judge.'

*Id.* at 140 (citations omitted). Legal terms and phrases such as "fraud" and "scheme to defraud" are not "self-defining" terms. Rather, a particular Court must instruct the jury regarding the applicable definition and allow the jury to apply that term to the facts they have heard. In this case, however, the expert used the language and equated it to a verdict of guilt for the defendant. This was error according to the Court.

In the present case, Dr. Spiegel is also facing charges of fraud and conspiracy to commit fraud. Following the cases of *Long* and *Scop*, the government's expert should not be permitted to claim in the guise of an opinion that Dr. Spiegel committed fraud, his actions amounted to fraud, his failure to act was for the purpose or intent to defraud, or anything similar. These statements are merely improper legal conclusions which attempt to direct the jury what verdict it should reach. They are not factual and do not assist the trier of fact in any way. The statements, furthermore, extend beyond the scope of Dr. Wohlfeiler's medical expertise as fraud is a legal term requiring instruction by the Court. As such, all statements of this type are inadmissible pursuant to Federal Rules of Evidence 403, 702 and 704.

WHEREFORE, the Defendant, Jerry A. Spiegel, requests the entry of an Order granting his Motion in Limine to exclude improper opinion testimony by Dr. Michael Wohlfeiler.

Respectfully submitted,

*s/ Lilly Ann Sanchez*
Lilly Ann Sanchez
Fla. Bar No. 0195677
Email: lsanchez@fowler-white.com
Attorney for the Defendant

Page 6
CASE NO. 1:09-CR-20731-JAL

FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

Page 7
CASE NO. 1:09-CR-20731-JAL

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on the 14th day of June, 2010, with the Clerk of Court using CM/ECF. I further certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Lilly Ann Sanchez*
Lilly Ann Sanchez
Fla Bar No. 0195677
E-mail: lsanchez@fowler-white.com
Attorney for the Defendant Jerry A. Spiegel

FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: 305-789-9200
Facsimile: 305-789-9201

[amm] W:\79003\MOTLIM45-Improper Opinion.AMM{6/14/10-13:4}